FILED
CLERK, U.S. DISTRICT COURT
OCT 6 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, | NO. CV 07-6508-AHM(Ex) |
| Plaintiff, | ORDER ADOPTING FINDINGS, |
| v. | CONCLUSIONS AND RECOMMENDATIONS |
| FLORO MAGNAYE ROSAL, | OF UNITED STATES MAGISTRATE JUDGE |
| Defendant. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that Defendant's answer is stricken and default is entered against Defendant.

///
///
///

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Magistrate Judge's Report and Recommendation by United States mail on all counsel of record.

DATED: _____October 2_____, 2008.


_____
A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>FLORO MAGNAYE ROSAL,<br><br>        Defendant. | CV 07-6508-AHM(Ex)<br><br>REPORT AND RECOMMENDATION OF<br><br>UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable A. Howard Matz, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 05-07 of the United States District Court for the Central District of California.

## INTRODUCTION

Throughout this litigation, Defendant has failed to take any meaningful action toward discharging Defendant's discovery obligations. Despite formal requests, informal requests, a Court

1 order, and the imposition of monetary sanctions, Defendant has refused
2 to give Plaintiff basic discovery.  Consequently, terminating
3 sanctions against Defendant are now appropriate.

**FACTS**

7 Plaintiff filed this action on October 5, 2007.  Defendant filed
8 an Answer on January 4, 2008.

10 On March 19, 2008, Plaintiff served on Defendant a "Request for
11 Production of Documents" ("the request for production") (Declaration
12 of Marsha M. Hamasaki, filed June 19, 2008, at 3).  Defendant failed
13 timely to respond to the request for production (Id. at 3-4).

15 On April 25, 2008, Plaintiff served on Defendant "Plaintiff's
16 First Set of Interrogatories to Defendant" ("the interrogatories")
17 (Id. at 3).  Defendant failed timely to respond to the interrogatories
18 (Id. at 3-4).

20 Counsel for Plaintiff sent to counsel for Defendant letters
21 demanding meet and confers regarding Defendant's failure timely to
22 respond to the request for production and the interrogatories (Id. at
23 2).  Counsel for Defendant failed to respond to these letters (Id. at
24 2-4).

26 On June 19, 2008, Plaintiff filed a "Motion to Compel Production
27 of Documents [First Set] and Answers to Interrogatories [First Set]
28 and for Sanctions Including Costs and Attorney's Fees."  Defendant

failed to file any opposition to this motion and failed to appear at the July 25, 2008 hearing on the motion.

On July 25, 2008, the Magistrate Judge issued an "Order Re Plaintiff's Motion to Compel Production of Documents [First Set] and Answer to Interrogatories [First Set] and for Sanctions" ("the Order"). The Order required Defendant to produce all documents responsive to the request for production on or before August 4, 2008. The Order required Defendant to answer the interrogatories on or before August 4, 2008. The Order also required that Defendant and counsel for Defendant pay Plaintiff the sum of $2,470 within 30 days of July 25, 2008. The Order cautioned: "[f]ailure timely to comply with this order may result in the imposition of more drastic sanctions including, without limitation, the entry of Defendant's default."

Nevertheless, Defendant failed to comply with the July 25, 2008 Order. Counsel for Plaintiff sent new letters to counsel for Defendant demanding a meet and confer (Declaration of Andrew L. Birnbaum, filed August 25, 2008, at 2-3). Counsel for Defendant again failed to attend a meet and confer (Id.).

On August 25, 2008, Plaintiff filed a motion for terminating sanctions, styled "Discovery Matter, etc." The motion for terminating sanctions seeks, inter alia, the striking of Defendant's answer and the entry of Defendant's default.

On ex parte application of Plaintiff, and in view of the impending September 8, 2008 discovery cut-off, the Magistrate Judge

accelerated proceedings in connection with the motion for terminating sanctions. By Minute Order dated August 26, 2008, the Magistrate Judge set a September 5, 2008 hearing date and ordered Defendant to file opposition, or statement of non-opposition, on or before August 29, 2008. Defendant failed to file anything within the time allotted and failed to appear at the September 5, 2008 hearing.

## DISCUSSION

Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes the sanctions of striking pleadings and rendering default against parties who disobey a court's discovery orders. To justify the imposition of such case-dispositive sanctions, the Court must find that the discovery violations were due to "willfulness, bad faith, or fault of the party." See Commodity Futures Trading Commission v. Noble Metals International, Inc., 67 F.3d 766, 770-71 (9th Cir. 1995), cert. denied, 519 U.S. 815 (1996) (citations and internal quotations omitted); see also Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958). Disobedient conduct not outside the control of the litigant is all that is required to demonstrate willfulness, bad faith or fault. Henry v. Gill Industries, Inc., 983 F.2d 943, 948-49 (9th Cir. 1993) (inability to formalize retainer agreement with counsel and party's absence due to out-of-town business trip were not matters "outside the control of the litigant"); United Artists Corp. v. La Cage Aux Folles, 771 F.2d 1265, 1270 (9th Cir. 1985) ("travel schedule" preventing party from answering interrogatories for three months no excuse), abrogated on other grounds, Mt. Graham Red Squirrel v. Madigan, 954 F.2d 1441, 1462 (9th Cir. 1992). In evaluating the

1  propriety of sanctions, the Court considers "all incidents of a
2  party's misconduct." Adriana International Corp. v. Thoeren, 913 F.2d
3  1406, 1411 (9th Cir. 1990), cert. denied, 498 U.S. 1109 (1991)
4  (citation omitted).

6      The Ninth Circuit has identified five factors that a court must
7  consider when asked to impose terminating sanctions: (1) the public's
8  interest in the expeditious resolution of litigation; (2) the Court's
9  need to manage its docket; (3) the risk of prejudice to the party
10 seeking terminating sanctions; (4) the public policy favoring
11 disposition of cases on their merits; and (5) the availability of less
12 drastic sanctions. Toth v. Trans World Airlines, Inc., 862 F.2d 1381,
13 1385 (9th Cir. 1988). "These factors are not a series of conditions
14 precedent before the judge can do anything, but a way for a district
15 judge to think about what to do." In re Phenylpropanolamine (PPA)
16 Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006)
17 (citation and internal quotations omitted). Consideration of these
18 factors yields the conclusion that this Court should impose
19 terminating sanctions on Defendant.

21     Factors 1 and 2 obviously militate in favor of granting
22 terminating sanctions. As to Factor 3, the delays occasioned by
23 Defendant's discovery abuse significantly have prejudiced Plaintiff.
24 The absence of timely discovery deprived Plaintiff of the potential
25 opportunity to pursue a motion for summary judgment or summary
26 adjudication of issues. The discovery willfully withheld by Defendant
27 is central, rather than peripheral, to the issues in this case.
28 Defendant's discovery abuse has made Plaintiff's trial preparation

practically impossible. See In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996) (parties' "total failure to respond to discovery and the time consumed by attempting to secure compliance" show prejudice); see also Payne v. Exxon Corporation, 121 F.3d 503, 508 (9th Cir. 1997) (finding prejudice where parties' "repeated failure to provide documents and information in a timely fashion prejudiced the ability of [the opposing parties] to prepare their case for trial").

Factor 4, the public policy favoring disposition of cases on the merits, usually weighs against terminating sanctions. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1228. Thus, the fourth factor is entitled to little weight where a party completely refuses to cooperate in discovery. See id. (fourth factor "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction") (citation and internal quotations omitted); In re Exxon Valdez, 102 F.3d at 433 (policy favoring disposition on merits of little weight in light of parties' "total refusal to provide discovery").

With respect to Factor 5, the Court previously imposed less drastic sanctions for Defendant's discovery abuses, without any apparent effect. The Magistrate Judge ordered discovery compliance, imposed monetary sanctions, and warned of a terminating sanction upon further noncompliance. Nevertheless, total noncompliance with

discovery obligations continued, suggesting the futility of sanctions less than a terminating sanction.

### CONCLUSION AND RECOMMENDATION

Defendant's repeated, willful, bad faith discovery abuse merits terminating sanctions. After balancing the relevant factors, the Magistrate Judge recommends that the Court issue an order striking Defendant's answer and entering Defendant's default.[1]

DATED: September 9, 2008.

                                        /s/
                           CHARLES F. EICK
               UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff has requested the entry of default judgment, but has not yet provided sufficient information regarding the desired content of the judgment. Plaintiff should submit proof of an appropriate judgment to the District Judge.

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.